579 A.2d 981

**Carol NAPIER, Appellant,**

v.

**Dennis HUTCHINSON, Appellee.**

Superior Court of Pennsylvania.

Argued June 7, 1990.

Filed Sept. 13, 1990.

Nancy J. Norkus, Pittsburgh, for appellant.

Carol A. Behers, Pittsburgh, for appellee.

Before KELLY, HUDOCK and MONTGOMERY, JJ.

MONTGOMERY, Judge.

Carol Napier ("Mother") and Dennis Hutchinson ("Father") are the divorced parents of two children, Andrew, born December 1, 1975, and Steven, born January 28, 1971. At the time of the divorce, the parties entered into a property settlement agreement which also contained certain provisions for child support and educational support for the children. Subsequently, Father filed a petition to modify support, alleging that Steven had attained the age of eighteen. Mother then filed a petition for modification asserting that Steven was enrolled at Virginia Tech University and would require educational support. The order ultimately entered provided support of $480.00 per month for Andrew and educational support of $250.00 per month for Steven. Mother then filed this appeal. We affirm.

Mother contends that the trial court erred in limiting Steven's educational support to the provisions of the property settlement agreement and further that the court erred in determining Steven's needs and expenses and the parties' respective earning capacities. As in all support cases, we are limited on review to determining whether the trial court abused its discretion. *Commonwealth ex rel. Hartranft v. Hartranft*, 267 Pa.Super. 572, 407 A.2d 389 (1979). Our review of the record leads us to conclude that the trial court did not abuse its discretion.

Mother first contends that the trial court erred in limiting Steven's educational support to the terms of the property settlement agreement. This agreement limited Father's contribution to the cost of in-state tuition, fees and books. Since Steven decided to attend college in Virginia, he must pay out-of-state tuition which is, of course, considerably higher than in-state tuition. Mother argues that the separa-

tion agreement cannot preclude the court from increasing Father's support obligation because parents cannot bargain away the support rights of their children. This statement of law would be correct if the court were dealing with support for a minor child. See, e.g., *Millstein v. Millstein,* 311 Pa.Super. 495, 457 A.2d 1291 (1983); *Mallinger v. Mallinger,* 197 Pa.Super. 34, 175 A.2d 890 (1962). When dealing with educational support for a child who is in college, however, different standards apply.

■ The duty to contribute to a child's college education was not established until 1963 in the case of *Commonwealth ex rel. Ulmer v. Sommerville,* 200 Pa.Super. 640, 190 A.2d 182 (1963). Prior to that time, a parent was only liable for support for a child attending college if the parent had expressly agreed to assist in providing a college education. *Commonwealth v. Martin,* 196 Pa.Super. 355, 175 A.2d 138 (1961). Unlike the absolute duty to support a minor child, the duty to provide support for a child in college is a limited duty, *Sutliff v. Sutliff,* 515 Pa. 393, 528 A.2d 1318 (1987), which is recognized only in a minority of states. *Griffin v. Griffin,* 384 Pa.Super. 188, 558 A.2d 75 (1989). The duty only arises if the child is able and willing to pursue successfully his or her course of study and the parent has sufficient estate, income or earning capacity to enable him or her to contribute to support without undue hardship. *Commonwealth ex rel. Ulmer v. Sommerville, supra.* Numerous other limitations apply to educational support which are not relevant in proceedings for the support of a minor child, *Sutliff v. Sutliff, supra,* (child's assets and earning power are relevant considerations); *Brown v. Brown,* 327 Pa.Super. 51, 474 A.2d 1168 (1984) (duty does not extend to post-graduate studies); *DeWalt v. DeWalt,* 365 Pa.Super. 280, 529 A.2d 508 (1987) (duty ordinarily does not extend past age of twenty-three). Furthermore, a child may forfeit any right to educational support which he or she may have by actions which estrange the child from the parent. *Milne v. Milne,* 383 Pa.Super. 177, 556 A.2d 854 (1989). Because these two types of support

proceedings are so different, it is inappropriate to apply the principles developed in regard to support of a minor child to a proceeding for educational support of a child who is eighteen and has graduated from high school.

■ We therefore review the order under the standards established for educational support. Initially, we note that the trial court did not limit Father's obligation only to those items listed in the separation agreement but included as well the room and board costs and the expense of purchasing a personal computer, which Steven is required to have. Clearly, the court did not limit Father's liability only to those items contained in the property settlement agreement. Additionally, the parties established trust funds, currently totalling over $14,000.00, to assist in providing for Steven's education. Considering the amount available from these trusts, Father's income, Father's support liability to Andrew, Mother's earning capacity and Steven's earning capacity, we cannot say that it was an abuse of discretion to assess Father's contribution at $250.00 per month or $3,000.00 per year.[1]

■ Mother also contends that the trial court erred in determining Steven's reasonable needs and expenses. In addition to the differential in tuition, Mother contends that Steven needs an additional $6,582.75 for "incidental expenses." These expenses apparently include a portion of Mother's household expenses during Steven's vacation periods. Again, we cannot conclude that the trial court erred in concluding that Steven and Mother can adequately provide these "incidentals." We note, as did the trial court, that Steven did not work during the summer before college but instead traveled to Colorado and North Carolina. We echo the trial court's sentiment that if Steven actually needs "incidentals" costing over $6,000.00 per year, he should provide them from his own earnings. See *DeWalt v. DeWalt, supra* (parent not required to provide sufficient funds

1. Thus, Father's total support payment is $730 per month out of his net monthly income of $3,100.00 or nearly 25%.

to allow college-age child to remain idle during summer months.)

Finally, Mother contends that Father's net income was incorrectly calculated in two respects. Mother contends that Father's net income would be considerably higher if Father filed his income tax jointly with his wife and also that Father had received bonuses in the past which should be added into his income. We do not agree. There is no evidence of record that Father had received or expected to receive any bonuses for 1989. In fact, the only evidence regarding bonuses was that the company's profits were down and bonuses were speculative. Similarly, there is no evidence that Father's net income would be higher if he changed his tax status. We cannot find error based on Mother's assumption that such is the case.

Order affirmed.