**Muggio v. Pittella**

*Donald T. Puckett,* for plaintiff.
*Kenneth J. Sparler,* for defendant.

UHLER, *J.,* July 24, 1991—This case is before this court as a result of an appeal from a college support action filed against Fortunato B. Pittella, hereafter referred to as "father," by Charlotte Muggio, hereafter referred to as "mother," seeking college support for her daughter, Kristine.

The record reflects the following facts: Mother and father are the natural parents of Kristine. The parties were never married. Mother never sought any minor child support payments from father. Mother, in addition, initiated an action against father to have him stay away from Kristine and herself. During the period of time from 1987 to 1990, the parties began to interact and the result was minimal contact between father and daughter. After the death of father's spouse, there was evidence that father wished to rekindle the relationship between himself and his daughter. Kristine's response to father does not demonstrate the same goal. It appears from the record that Kristine was often too busy to spend time with her father unless she needed financial assistance.

The issue presented to this court is whether, under the circumstances, estrangement should be considered a complete defense to the payment of college support by father.

Under Pennsylvania law, a parent has a legal duty to provide or aide in providing a college education

for his child as long as two conditions are satisfied; first, that the child must demonstrate the ability and the willingness to attain a higher education; second, the parent must have sufficient estate, earning capacity or income to enable him to provide such financial assistance without undue hardship. *Sutliff v. Sutliff,* 515 Pa. 393, 528 A.2d 1318 (1987). The facts in this case indicate that Kristine has the willingness and ability to obtain a college education and subsequent degree. Furthermore, it is evident that father has the earning capacity or income to provide such financial assistance as needed without any undue hardship.

However, our inquiry does not end here. The father has asserted the defense of estrangement. Estrangement of relationship between adult child and divorced parent is a factor to be considered in determining whether post-majority award of child support should be made for provision of college expenses. Just as divorcing parents run risk of alienating their children, adult children who willfully abandon the parent run risk that the parent will not be willing to underwrite their educational pursuits. *Milne v. Milne,* 383 Pa. Super. 177, 556 A.2d 854 (1989). The Superior Court in *Milne* found that the child's abusive behavior which encompassed spitting in the mother's face and knocking down the mother, precluded his receipt of post-majority child support for college.

After a careful examination of the record, this court concludes that under the circumstances, estrangement may be used as a defense at this time. It is evident that throughout Kristine's minority years, father's presence was not desired. In the past, father had been directed to have no contact with his daughter. The only contact between father and daughter arose when daughter needed financial as-

sistance. A father is not a wallet to be opened, reached into and shut when monies are needed by the child. When father evidenced the desire to rekindle their relationship, daughter thwarted all overtures. This court does not find that a significant meaningful relationship existed between father and daughter. In this instance, the defense of estrangement is appropriate and with merit.

Accordingly, mother's action seeking post-majority support for her daughter, Kristine is denied.

An appropriate order shall be entered.

## ORDER

And now, to wit, July 24, 1991, this court, upon careful consideration, finds the following:

The plaintiff's action seeking post-majority support for her daughter, Kristine, against the defendant, is denied.