Margaret GERLAND, Appellant,

v.

Frederick GERLAND, Jr., Appellee.

Superior Court of Pennsylvania.

Submitted Sept. 30, 1997.
Filed Nov. 20, 1997.

Mark B. Dischell, Lansdale, for appellant.

John J. Hagarty, Norristown, for appellee.

Before JOHNSON and FORD ELLIOTT, JJ., and MONTEMURO*, Senior Judge.

MONTEMURO, Senior Judge:

This is an appeal from an order awarding spousal and child support.

The parties to this matter were married in May of 1976, and separated in December of 1993. There are three children of the marriage: Gretchen, born June 17, 1979, Rebecca, born November 28, 1980, and Andrew, born April 13, 1989. A support order was entered in October of 1994, awarding Appellant $300 per week for the children, and $200 per week spousal support. On December 11, 1996, a hearing was held on Appellant's exceptions to the December 1994 order; thereafter the terms of that order were increased to $322 per week child support, and $236 per week for spousal support, with $20 per week to be paid on arrearages. Appellant's motion for reconsideration was denied, and this appeal followed.

Appellant was trained as a nurse, but worked only briefly after receiving her nursing certification, having left employment at the birth of the parties' first child. She returned to school part-time when the couple separated in order to obtain training as a school nurse, a position which would allow her to work and yet look after the parties' two younger children. She is currently employed three days per week in a school nurse position which provides no benefits, and is not expected to lead to full-time employment. Her compensation was determined by the trial court to be $900 per month.

Appellee is employed as special agent in the criminal investigation division of the Internal Revenue Service, for which his 1996 gross salary was approximately $82,000. His job provides full benefits, and family participation in a medical insurance program offered through the IRS costs approximately $48 per month.[1]

A trust fund was established for each of the children through gifts provided by Appellant's mother. Approximately $130,000 is contained in Gretchen's fund. At the time of hearing, she was an honor student in her senior year at a parochial high school awaiting responses from colleges to which she had applied. Rebecca, who was residing at an inpatient drug and alcohol facility at the time of hearing,[2] has been diagnosed with bipolar disorder, attention deficit disorder and learning disabilities. She is a self mutilator, is maintained on several medications, and at present requires private schooling. The trust fund in her name contains approximately $125,000. The youngest child, Andrew, has been diagnosed with speech problems because of palate deformity which can be addressed with extensive orthodontia. He has in the past attended a private school,[3] and his trust fund contains some $40,000.

There is no argument advanced specifically objecting to the amount of the support award. Rather, Appellant raises claims that the support order should have included provisions for medical insurance coverage, unreimbursed medical expenses, including orthodontia, and private school tuition, as well as a claim that the order should be made retroactive to the filing of the complaint for support.

Generally, our review of the propriety of a support award is governed by an abuse of discretion standard.

* Retired Justice assigned to Superior Court.

1. Although in his brief Appellee places the cost of his insurance at $42 per month, the Statement of Earnings and Leave introduced at the hearing identifies the amount as $48.63.

2. Rebecca has had difficulties since the second grade. In the two months prior to the hearing, she received psychiatric inpatient hospitalization in four different institutions; one of these hospital stays lasted three weeks. At the time of the hearing, she was in an inpatient setting with a school component, and had injured herself again. Appellant was unable to predict how long Rebecca would remain at her current placement, or whether she will ever be able to attend a public school.

3. It is unclear from the record whether Andrew's current elementary school is public or private. He did attend a private kindergarten.

An abuse of discretion is not merely an error of judgment. A finding that the trial court abused its discretion must rest upon a showing by clear and convincing evidence, and the trial court will be upheld on any valid ground.

*Griffin v. Griffin,* 384 Pa.Super. 188, 193, 558 A.2d 75, 77 (1989)(*en banc*) (citations omitted).

The trial court, in fashioning the support award to exclude health coverage, contribution to unreimbursed medical expenses, and private school tuition, looked to the children's trust funds to cover these costs, since the terms of the trust instrument[4] leave expenditure of trust funds for purposes of the children's "health, maintenance, education (including college and graduate school) and support," (Trust Instrument at ¶ 2.C(2)), entirely to Appellant's discretion. The court observed that trust funds established for a child's support or education may be taken into account when calculating child support, *Sutliff v. Sutliff,* 515 Pa. 393, 528 A.2d 1318 (1987), and that psychiatric or psychological services as well as orthodontia are specifically excluded by Pa.R.C.P.1910.16–5(p)(2) from among those "medical expenses" which permit deviation from the Support Guidelines. *See* Pa.R.C.P.1910.16–4(b).[5]

■ As to private school tuition,[6] Pa.R.C.P.1910.16–5(*l*) notes that this is an item not specifically addressed by the guidelines, and is within the discretion of the trial court. The trust language, however, does refer to education as an authorized expenditure, and indeed, Appellant has, upon occasion, utilized trust funds for educational purposes. Under these circumstances, we cannot find that the trial court's refusal to order payment of private school tuition is a clear abuse of discretion.

As to medical insurance, as Appellant points out, there are statutory provisions which appear to support her claim that the trial court erred in failing to direct that either Appellee continue carrying medical coverage for Appellant and the three children, or contribute to unreimbursed medical expenses.

■ Appellant directs us to subsections of 23 Pa.C.S. § 4326, addressing the mandatory inclusion of child medical support, which reads in pertinent part as follows:

(a) **General Rule.**—In every proceeding to establish or modify an order which requires the payment of child support, the court shall ascertain the ability of each parent to provide health care coverage for the children of the parties.

(b) **Noncustodial parent requirement.**—If health care coverage is available at a reasonable cost to a noncustodial parent on an employment-related or other group basis, the court shall require that the noncustodial parent provide such coverage to the children of the parties.

We are also referred to pertinent parts of 23 Pa.C.S. § 4324, "Inclusion of spousal medical support," which provides that:

[i]n addition to periodic support payments, the court may require that an obligor pay a designated percentage of a spouse's reasonable and necessary health care expenses. If health care coverage is available through an obligor or obligee at no cost as a benefit of employment or at a reasonable cost, the court shall order an obligor or obligee to provide or extend health care coverage to a spouse....

23 Pa.C.S. § 4324.

Appellant argues that these provisions make mandatory Appellee's continued purchase of health insurance through his work

---

4. The language of all three trust instruments is identical.

5. Pa.R.C.P.1910.16–4(b) lists the circumstances which must be considered by the trial court in deciding whether to deviate from the Guidelines as: (1) unusual needs and unusual fixed obligations; (2) other support obligations of the parties; (3) other income in the household; (4) ages of the children; (5) assets of the parties; (6) medical expenses not covered by insurance; (7) standard of living of the parties and their children; and (8) other relevant and appropriate factors, including the best interests of the child or children.

6. We note that this issue affects only the two younger children, as Appellee is not liable for college expenses, *Curtis v. Kline,* 542 Pa. 249, 666 A.2d 265 (1995), and in any event, Appellant testified that the trust will be applied to Gretchen's college costs.

irrespective of whether other funds are available for the purpose, while Appellee contends that section 4326(a) leaves the decision to order such insurance within the discretion of the trial court, which looked to the trust to defray the cost.

■ According to the rules of statutory construction, words are to be given meaning according to "their common and approved usage". 1 Pa.C.S.A. § 1903(a). "Generally, ... the term shall is construed as creating a mandatory duty, and only rarely in matters of time or form is the term construed as creating only a discretionary duty." *Heard v. Heard*, 418 Pa.Super. 250, 257, 614 A.2d 255, 259 (1992) (quoting *Mamone v. Beltone Hearing Aid Services, Inc.*, 416 Pa.Super. 555, 560, 611 A.2d 755, 757 (1992)). Neither time nor form is involved here. In section 4324, the title even contains the word "mandatory," and while titles are not controlling in statutory construction, they may be used in ascertaining intent. 1 Pa.C.S. § 1924; *Boring v. Erie Insurance Group*, 434 Pa.Super. 40, 45, 641 A.2d 1189, 1192 (1994). In both sections 4324 and 4326, shall is used only and specifically with regard to the provision of health insurance. We conclude that in this instance, the word "shall" in both sections 4324 and 4326 denotes mandatory instructions.

We would further point out that if section 4326(a) is construed to delegate to the trial court the matter of who provides health insurance coverage, subsection (b) is rendered unnecessary and contradictory. For both sections to be given effect, as the rules of construction require, *see* 1 Pa.C.S.A. § 1921(a), subsection (a) must be construed as directing the court to ascertain whether either party has access to insurance at a moderate cost through his or her employment.[7] Moreover, as has already been point-

ed out, section 4324 clearly distinguishes between "reasonable and necessary health care expenses," for which the court "may" require a contribution from the obligor, and "health care coverage," which the court "shall" order an obligor or obligee to carry if it can be obtained at reasonable cost through employment.

Although Appellee attributes to Appellant unfettered access to all of the funds in the children's trusts for insurance as well as other purposes, it must be remembered that each fund may only be expended for the child who is the named beneficiary.[8] None of the funds are available for Appellant's own medical insurance or other medical expenses, or for the medical costs incurred by another child. *See Account of First National Bank and Trust Company in Waynesboro*, 382 Pa. 486, 115 A.2d 167 (1955); *Rebidas v. Murasko*, 450 Pa.Super. 546, 677 A.2d 331 (1996).

As the statute directs, the ability of each parent to provide medical coverage was explored, per section 4324(a), at the hearing where it was revealed that Appellant has no access to a group plan through work or otherwise and must obtain coverage privately, and Appellee is charged approximately $48 per month for coverage through his work, roughly the same amount as the co-payments on Rebecca's medications. In addition, although this coverage does not include Andrew's orthodontia, it has paid for all of Rebecca's extensive and ongoing care, as well as a portion of her pharmaceutical and psychological office visit expenses.

■ After examining the language of the statute and the evidence of the hearing, we conclude that even where a trust exists which provides that expenditures may be made to cover health needs of the beneficiary, the statute offers no exception to the require-

---

7. We note that *Kessler v. Helmick*, 449 Pa.Super. 113, 672 A.2d 1380 (1996), relies on *Lyons v. Lyons*, 401 Pa.Super. 271, 585 A.2d 42 (1991), for the proposition that both health care coverage to a spouse and other health care costs are discretionary. However, the *Lyons* court did not address the matter of health insurance, nor is it at issue in *Kessler*, since both concern themselves with unreimbursed and/or uncovered medical expenses. Accordingly the ruling is dictum, and need not control our conclusion herein.

8. Appellee also refers to an annual gift from Appellant's mother of $10,000 as a source from which insurance might be paid. There is no assurance that such gifts will continue—funding of the trusts ceased at the direction of Appellant's mother's accountant—and the language of the statute is mandatory.

ment that a noncustodial parent shall be ordered to provide such coverage for the spouse and the parties' children if it is available at a reasonable cost thorough employment or other group basis. Accordingly, the trial court erred in disregarding the directives of the statute in failing to order that Appellee continue to provide health care insurance to the family through his work, and therefore, we reverse and remand on this issue.

Unreimbursed or uncovered medical expenses, however, are a different matter. The relevant statutory subsection of § 4326, concerning the children's expenses, reads in pertinent part as follows:

> **(e) Uninsured expenses.**—The court shall determine the amount of any deductible and copayments which each parent shall pay. In addition, the court may require that either parent or both parents pay a designated percentage of the reasonable and necessary uncovered health care expenses of the parties' children....

23 Pa.C.S. § 4326(e).

■ Information concerning deductibles and copayments was offered at the hearing. The language of this subsection also consigns to judicial determination whether and how much of the children's "reasonable and necessary uncovered health care expenses" should be met by Appellee. Section 4324 makes such costs for a spouse discretionary with the trial court. Both of these conclusions have already been expressed by this Court in *Kessler v. Helmick, supra,* and *Lyons v. Lyons, supra.* Accordingly, we find no abuse of discretion in the trial court's decision.

■ Appellant also argues that the support award should have been made retroactive to the date of the filing of the complaint in support, January 27, 1994. Pa.R.C.P. 1910.17(a) provides that "[a]n order of support shall be effective from the date of the filing of the complaint unless the order specifies otherwise." The order herein is by its terms effective January 1, 1996. However, no explanation of this departure from the Rule is provided by the trial court. As we

stated in *Karp v. Karp,* 455 Pa.Super. 21, 29, 686 A.2d 1325, 1329 (1996):

> In *Sutliff v. Sutliff,* 339 Pa.Super., 523, 556, 489 A.2d 764, 781 (1985), *aff'd,* 515 Pa. 393, 528 A.2d 1318 (1987), the Court observed that there is a sound policy of favoring retroactivity in most cases. Further, failure to make an award retroactive is reversible error unless specific and appropriate justification for such a ruling is shown. *Shovlin v. Shovlin,* 318 Pa.Super. 516, 465 A.2d 673 (1983).

Appellee argues that the trial court's failure to make the award retroactive is based on the fact that both parties made substantially less money when the original order was entered in October of 1994. Should this, in fact, be the court's rationale, it is at liberty to say so.

Reversed and remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.