Sylvester, Appellant, *v.* Beck.

Argued January 9, 1962. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

608

*William C. Cahall, III*, for appellants.

*Harry M. Sablosky*, with him *Maxwell Strawbridge*, for appellee.

OPINION BY MR. JUSTICE EAGEN, March 13, 1962:

Plaintiffs, husband and wife, sued defendant, a real estate broker, for damages alleging a breach of trust in the purchase and resale of real estate. Plaintiffs won a jury verdict in the amount of $9000. The lower court entered judgment for the defendant notwithstanding the verdict. Plaintiffs appeal.

The record read in the light most favorable to the plaintiffs' cause discloses the following: The plaintiffs were the owners of an unimproved piece of land near King of Prussia in Upper Merion Township, Montgomery County. In the winter of 1958, the defendant approached the plaintiffs and asked if they were willing to sell, stating that an oil company was interested in the property and that the company would either buy, rent, or lease it. The plaintiffs told the defendant that they were interested only in selling. The defendant was then authorized to sell the property for $15,000 and he displayed his broker's "for sale" sign thereon.

Several weeks later, the defendant phoned one of the plaintiffs and offered to purchase the property for himself for the sum of $11,000. This offer was refused. Subsequent offers to purchase for $12,000 and $13,000 were submitted by the defendant, which were refused. Finally, the plaintiffs agreed to sell the property to the defendant for the sum of $14,000, and a written contract of sale was entered into by the parties on March 12, 1958. During these negotiations, one of the plain-

tiffs asked the defendant, "What happened to the oil company?" He responded, "They are not interested, you want too much money for it."

The contract of sale provided for the payment of $100 down; the balance to be paid within three months.

On April 8, 1958, the defendant negotiated a resale of the property from himself to one David Epstein for the sum of $25,000. The contract provided for the payment of $2500 down and the balance to be paid on or before June 30, 1958. The existence of this agreement was not disclosed to the plaintiffs.

On June 12, 1958, the plaintiffs and the defendant met for the purpose of final settlement. The necessary deed of conveyance to the defendant was executed and delivered and the balance of the purchase price paid. Later on the same day, the defendant sold and conveyed title to Epstein in accordance with their agreement. Subsequently, when the plaintiffs learned that the defendant had realized a huge profit in a quick resale of the property, this suit followed.

The above facts constituted plaintiffs' sole proof.

In answer, the defendant testified that in his conversations with the plaintiffs he made it clear that an oil company was interested in the property, but only in leasing, not buying, and only if the plaintiffs would construct a gas station thereon; that the plaintiffs informed him that they were having marital difficulties and were only interested in selling in order to effectuate a property settlement; that after he was authorized by the plaintiffs to sell the property that he contacted several oil companies in an effort to sell the land without success; that a representative of the American Oil Company manifested interest in leasing the property if plaintiffs would agree to erect a gas station thereon; that this information was communicated to one of the plaintiffs, who stated that they were only

interested in selling and suggested to the defendant that if such a deal appeared profitable that the defendant should buy the property himself; that this the defendant finally agreed to do after some negotiations as to price.

The defendant further testified that he agreed to buy the property with the intention of having his corporation construct a gas station on the site; that, with this thought in mind, he arranged to have a quantity of fill dirt placed on the ground; that subsequently, a representative of the American Oil Company, Mr. Dolan, took Epstein to meet the defendant informing him that Epstein was agreeable to purchase the property, construct a gas station thereon with his own funds and, in turn, to lease it to the American Oil Company. As a result, the contract of sale to Epstein was negotiated and consummated, without Epstein even seeing the property. The agreement included a provision that Beck was required to secure all necessary licenses to permit the construction of a gas station on the site. The defendant's testimony was corroborated in material part by Dolan of the American Oil Company.

The plaintiffs' own proof was insufficient to make out a case for the jury and the proof on the defendant's side fails to supply the vital deficiencies in plaintiffs' case. On the contrary, the defendant's evidence was completely exculpatory.

There can be no doubt that an agent owes a duty of loyalty to his principal and in all matters, affecting the subject of his agency, he must act with the utmost good faith in the furtherance and advancement of the interests of his principal. This requires that he give the principal all information of the subject matter that comes to his knowledge: *Shannon v. Baltz,* 398 Pa. 431, 158 A. 2d 558 (1960); *Kribbs v. Jackson,* 387 Pa. 611, 129 A. 2d 490 (1957). An agent, who makes a profit in connection with transactions conducted by him on

behalf of his principal is under a duty to give such profit to the principal: *Johnson v. Nippert (No. 1)*, 294 Pa. 464, 144 Atl. 404 (1928); Restatement (2d), Agency, §388 (1958). However, an agent may lawfully purchase from his principal, if before the transaction there is a full disclosure of all pertinent facts by the agent to the principal: *Fisher's Appeal*, 34 Pa. 29 (1859); *Shepard & Co. v. Kaufman*, 88 Pa. Superior Ct. 57 (1926); *Kramer v. Winslow*, 154 Pa. 637, 25 Atl. 766 (1893). Nor does a former agency preclude a profit, when, with full disclosure to the principal, the former agent assumed the relationship of a purchaser: *Delvitto v. Schiavo*, 370 Pa. 299, 87 A. 2d 913 (1952).

Herein, there was a substantial variance in the allegata and probata. At trial, the plaintiffs' sole proof of the defendant's alleged breach of trust was that he sold the property at a large profit, twenty-seven days after he had entered into a contract to purchase it for himself, and that he failed to disclose this fact to the plaintiffs until subsequent to the final settlement. In the complaint, plaintiffs' cause of action was bottomed upon the theory that the defendant failed to fully disclose material facts at the time he induced the plaintiffs to sell. If plaintiffs had succeeded in proving this allegation, a case for the jury would be present. The proof failed in important respects. For instance, the plaintiffs alleged, but failed to prove, that before the defendant entered into the agreement to purchase the property that he knew that the American Oil Company was interested in buying at the sum of $25,000 and failed to disclose this information to his principals. This was not sustained by the plaintiffs and the contrary was established by the testimony of the witness, Dunn, the representative of that company. The plaintiffs also alleged that the defendant during his agency failed to disclose that an oil company was interested in the site for use as a gas station. The testimony of

the plaintiff, Olga R. Sylvester, herself established that such information was given to the plaintiffs.

The fact that the defendant entered into a contract to resell the property twenty-seven days after he had contracted to purchase it and did not disclose this particular fact to the plaintiffs until after final settlement does not, in itself, entitle the plaintiffs to damages. The agency having ended when the plaintiffs agreed to sell, the agent was under no obligation to furnish his former principal with the details of events that took place subsequent to the termination of their relationship of principal and agent.

Nor is plaintiffs' case made whole by reason of the fact that the defendant realized profit from the transaction. Certainly, the parties contemplated that the defendant intended to do just that if it were within the realm of possibility. There was no attempt to conceal the fact that the defendant himself was the purchaser. In fact, the plaintiffs consented to it.

This case must be judged upon the facts known to the defendant as of the time he agreed to purchase and the plaintiffs agreed to sell. In order to sustain the cause of action asserted, plaintiffs were obliged to prove that *as of that time* the defendant failed to disclose fully all facts within his knowledge. The proof does not sustain such a finding. Hence, the allegation of concealment and unfair dealing is not made out.

Judgment affirmed.

Mr. Justice COHEN dissents