## Shank v. Kaufman

*Kenneth Lee Rotz*, for plaintiffs.
*Paul L. Zeigler*, for defendants.

SPICER, *P.J.*, December 14, 1979—This case involves a suit for damages by owners of real estate who say their realtor breached certain duties while attempting to sell land pursuant to an exclusive listing contract. The corporate realtor and two salespersons employed by it are joined as defendants. We will not identify them individually but refer to all collectively as defendants.

The complaint alleges that defendants produced an agreement of sale for plaintiffs' land. The contract was contingent upon the buyers' ability to obtain financing. The buyers applied for financing but withdrew the application before either approval or disapproval by the financing bank. Thereafter, defendants produced a second contract with the same buyers for a lesser purchase price. The second agreement was also subject to a contingency of financing being procured. Again, say plaintiffs, the buyers applied for financing and prematurely withdrew their application before rejection or acceptance by the bank.

Plaintiffs allege two breaches of duty with respect to these transactions. They say defendants first advised the buyers that the buyers need not pursue the application for financing in order to absolve themselves under the contingency clause. Thus, the buyers did not make a good faith effort to procure financing.

Second, plaintiffs state defendants informed them the buyers were unable to procure financing. They say this information was false and defendants knew it was false when it was provided plaintiffs.

As a result, plaintiffs claim they entered into a third contract with new buyers and subsequently sold the property at a further reduced price.

Defendants have filed preliminary objections in the nature of a demurrer. They say that their only obligation in the transaction was to bring the buyers and sellers together. They were not responsible, they claim, for the performance or non-performance of the buyers. They say that any duties imposed upon them were ended when the sales agreement was signed. As authority for this, they cite Sylvester v. Beck, 406 Pa. 607, 178 A. 2d 755 (1962).

Sylvester v. Beck involved a real estate broker who personally purchased real estate and sold it some 27 days later for a handsome profit. The original owners brought suit claiming the broker knew that the property could be resold for profit when he purchased and failed to inform the owners. At the trial the sole proof by the owners was that the broker purchased and later sold for a profit. As the court pointed out (page 610) plaintiffs' case was insufficient to make out a case for the jury and defendant's evidence was completely exculpatory. The court further held that the agency terminated when the principal and agent entered into the agreement of purchase.

The general law is that a real estate broker owes a duty to act toward his principal in good faith, and to exert his skill for the pincipal's benefit: 12 Am. Jur. 2d Brokers, §83. This duty may include communication of information which may be to his principal's advantage. Id., §84. However, the duties cease to exist when the relationship is terminated. Id., §83. Pennsylvania law is in accord wth the general law: Sylvester v. Beck, supra. The relationship terminates when the purposes for which it has

been formed have been accomplished. Generally, that means when the property has been conveyed, since that is the purpose of the agency.

An exception to this general rule occurs when the agent contracts personally to perform the purposes of the agency, such as to buy real estate. At that point, the agent's interests and those of his principal are no longer the same. As Sylvester v. Beck, supra, points out, the agency then terminates.

However, when the contract is with a third party, the agent must use his best efforts to see that the third party performs to the benefit of the principal. Although a real estate broker is not personally responsible for the performance of a buyer, he must use his best efforts to see that the buyer does perform. In no event can he, without breaching his duty, aid, abet, or encourage the buyer not to perform or pass on false information to the principal.

Plaintiffs have plainly alleged sufficient facts to require defendants to respond. Defendants have argued that even if this is so, plaintiffs have demanded damages which are not legally collectible.

Defendants filed a demurrer, not a motion to strike. The proper measure of damages cannot be raised by a demurrer: 2 Goodrich-Amram 2d §1017(b):11.

Therefore, the attached order will be entered.

ORDER

And now, December 14, 1979, defendants' preliminary objections are overruled. Defendants shall have 20 days from today's date to file an answer.