## Eighteenth and Rittenhouse Associates
## v. Gilbert

*F. Emmett Fitzpatrick, Jr.*, for plaintiff.
*Walter W. Robin*, for defendants.

TAKIFF, *J.*, December 26, 1979—Before the court are preliminary objections to a complaint in equity asserting a demurrer and raising the adequacy of a remedy at law. The material allegations of the complaint relate that plaintiff, Eighteenth and Rittenhouse Associates, is a general partnership engaged in the sale of apartment condominiums at 250 South 18th Street, Philadelphia, Pa. Defendant Diane Hand was allegedly employed by plaintiff as a sales agent for the sale of the condominiums "at all times relevant hereto." It is further alleged that Diane Hand was also an employe of the Condominium Council consisting of owner-purchasers of the condominium units and generally charged with the management and supervision of the building situate at 250 South 18th Street for the owners thereof. To facilitate her employment duties, as a sales agent on behalf of plaintiff-sellers, it is averred that she was permitted to live in apartment number 202 at 250 South

18th Street pursuant to an agreement with J. L. Wolgin, president of one of the general partners in Eighteenth and Rittenhouse. Paragraph 7 of the complaint avers that "in anticipation of Diane Hand's serving as sales representative for certain other living units being constructed by J. L. Wolgin in the immediate vicinity," in addition to her continuing duties at 250 South 18th Street, plaintiff entered into an agreement of sale with defendant Hand and co-defendant Alfred Gilbert on January 29, 1979, to sell to them apartment 202 for $60,000. No other or further relationship between plaintiff and defendant Gilbert is asserted, other than that of seller-buyer under the January 29, 1979 agreement of sale. Settlement in consummation of that agreement was effected April 11, 1979.

The week before settlement, however, defendants entered into an agreement to resell apartment 202 to a third party for $90,000, receiving $1,000 to bind the agreement on April 4, 1979 and an additional $9,000 down payment on April 20, 1979.

Plaintiff was not informed of the resale prior to settlement with defendants but, upon learning of it thereafter, attempted to tender back defendants' purchase money. Defendants refused to reconvey the premises and plaintiff has sought various remedies for defendants' alleged "self-dealing," including nullification of the deed to defendants, injunction against reconveyance by defendants to a third party, and an accounting by defendants of rents and profits received from the property.

Plaintiff's counsel also caused to be docketed a lis pendens against apartment 202 at 250 South 18th Street. A hearing was held before this court on May 25, 1979, on plaintiff's motion for a preliminary injunction and defendants' motion to strike the lis

pendens. At that hearing, defendants handed up the instant preliminary objections to the complaint in equity. Following the hearing, we entered orders denying a preliminary injunction, dissolving the lis pendens, and deferring a decision on the preliminary objections to permit plaintiff to respond. Plaintiff's answer was duly filed thereafter.

Defendants' demurrer incorporates the agreement of sale between the parties, which contains no prohibition against defendants' resale nor any condition that defendant Diane Hand continue to reside therein to be available to act as a sales agent for the apartments at that building or elsewhere. The agreement does contain a paragraph which represents the document as the entire agreement between the parties, thereby precluding parol evidence according to defendants.

While defendants' assertion that there was no contractual breach appears consistent with the complaint, the existence of duties implied by the law of principals and agents must be considered. The nature and scope of Diane Hand's employment are described in the vaguest of terms in the complaint, and defendants' objections squarely challenge the sufficiency of allegations of defendant Hand's duties as "anticipated" by plaintiff.

The duty owed by an agent to a principal concerning the subject of his agency mandates that he act with the utmost good faith in the furtherance and advancement of the interests of the principal. Thus, an agent may not purchase a principal's property except on the fullest disclosure of facts concerning its value: Shepard & Co. v. Kaufman, 88 Pa. Superior Ct. 57 (1926). The most comprehensive exposition of law regarding the scrupulous standards applied to transactions be-

tween principals and agents is contained in Sylvester v. Beck, 406 Pa. 607, 612, 178 A. 2d 755, 757-8 (1962). The law, as reviewed therein, is that an agent must disclose to his principal all information that comes to his knowledge concerning the subject matter and, absent such disclosure, any profit received by the agent inures to the principal's benefit. See Restatement, 2d, Agency, §§388, 389.

In the Sylvester case, a real estate broker with whom a tract of land had been listed entered into an agreement of sale with the owner to buy the property for $14,000. Twenty-seven days later, but before settlement, the broker entered into an agreement to sell the property to a third party for $25,000. Settlement on the owner-broker agreement was held three months after their agreement, and retransfer to the third party occurred the same day. When the owner learned that the broker had turned a quick and substantial profit, suit followed, based upon the broker's alleged nondisclosure of material facts at the time of the agreement. The evidence did not support a nondisclosure at the time of agreement, however, and a judgment n.o.v. in favor of defendant broker was affirmed by the Supreme Court:

"The fact that the defendant entered into a contract to resell the property twenty-seven days after he had contracted to purchase it and did not disclose this particular fact to the plaintiffs until after final settlement does not, in itself, entitle the plaintiffs to damages. The agency having ended when the plaintiffs agreed to sell, the agent was under no obligation to furnish his former principal with the details of events that took place subsequent to the

termination of their relationship of principal and agent.

" . . .

"This case must be judged upon the facts known to the defendant as of the time he agreed to purchase and the plaintiffs agreed to sell. In order to sustain the cause of action asserted, plaintiffs were obliged to prove that as of that time the defendant failed to disclose fully all facts within his knowledge. The proof does not sustain such a finding. Hence, the allegation of concealment and unfair dealing is not made out."

Applying the rationale of the Sylvester case to the allegations at hand, it appears that where there is an ongoing agency relationship, an unambiguous duty to disclose all facts to the principal governs. Since the agency was terminated by the agreement of sale in Sylvester, the broker was under no continuing duty to inform the principal.

For the instant complaint to be sustained, therefore, plaintiff must have made out a prima facie case, alleging material facts to support either (1) nondisclosure by the agent of knowledge concerning the subject matter of the agency at the time of the transaction between the principal and agent (agreement of sale), or (2) an ongoing agency relationship requiring disclosure of subsequently gained knowledge concerning the subject matter of the agency. Neither of these prerequisites is pleaded.

Not only has plaintiff failed to sufficiently aver the necessary facts, as has become evident from the sworn testimony adduced at the preliminary injunction hearing, plaintiff could not have pleaded them. Pa.R.C.P. 1028(c), applicable to equity ac-

tions pursuant to Pa.R.C.P. 1501, states that in ruling upon preliminary objections, "[i]f an issue of fact is raised, the court shall take evidence by depositions or otherwise." The issue of continuing agency is critical to the sufficiency of plaintiff's cause of action and the court therefore is authorized by the above-quoted rule to determine this factual issue in conjunction with the sworn testimony taken previously in this matter. The facts there established, and consistent with the allegations of the complaint, are that apartment 202 at 250 South 18th Street was the last unit available at that address. While plaintiff may have anticipated further use of defendant Hand as a sales agent, the units which were the object of her anticipated sales efforts were then nonexistent. No agreement or understanding or other arrangement establishing a future agency relationship was reached by the parties. And while defendant Hand's employment as a manager/supervisor of the Condominium Council was ongoing, she was not charged with a breach of duty in that capacity, as the sale of condominium units was not the subject matter of that agency.

We conclude, therefore, that no cause of action cognizable at law or equity has been pleaded against defendants, and we enter the following

## ORDER

And now, December 26, 1979, upon consideration of the preliminary objections of defendants to the complaint in equity, and plaintiff's answer thereto, it is hereby ordered and decreed that said objections are sustained, and the complaint is dismissed.