**Zamsky v. Dodge**

130

C.P. of Delaware County, No. 2011-002637

*Jerome M. Charen*, for appellant.

*Martin S. Haber* and *Candidus K. Doughterty*, for appellee.

GREEN, *J.*, Nov. 5, 2014—Barbara Zamsky, Dodge Premier, Inc., and Premier Platform Tennis, Inc. filed the instant appeal following a June 30, 2014 order granting Jeffrey Sherman's motion for summary judgment.[1] Appellants' "statement of errors complained of pursuant to order the 28th day of July 2014" ostensibly parallels Jeffery Sherman's motion for summary judgment and provides, in relevant part, as follows:

> 1. The court was in error. The aforesaid motion for summary judgment stated at 11, "Dodge and Anthony retained the services of Sherman, to act as their attorney and assist with the formation of Premier, LLC. Complaint ¶ 24."

---

1. An order granting co-defendants, David Dodge and Christine Anthony's, motion for summary judgment was also entered on June 30, 2014 but it is not the subject of an appeal.

2. The court was in error[.] The aforesaid motion for summary judgment omitted informing the court that discovery has not been completed.

3. The court was in error[.] The aforesaid motion for summary judgment omitted informing the court that the argument of defendant Jeffery Sherman, that his services were as a facilitator only, omits the information that defendant Jeffery Sherman was paid $1500 by check dated 1/13/09 with Dodge Corp. on the memo line.

4. The court was in error. The aforesaid motion for summary judgment omitted informing the court that despite defendant Sherman's assertion that all electronic records were lost, one e-mail from defendant Sherman came into plaintiffs' possession by reason of being transmitted on plaintiffs computer.

5. The court was in error. The aforesaid motion for summary judgment omitted informing the court that defendant Jeffrey Sherman was listed on the records of the Department of State of the Commonwealth of Pennsylvania, business entity filing history, as President of PPT LLC, on the date of the formation of the LLC, December 24, 2008 and continued being shown on the business entity filing history as President of PPT LLC, on the records of Department of State of the Commonwealth of Pennsylvania, until at least March 10, 2011.

6. The court was in error. The aforesaid motion for summary judgment admits at Paragraph 26. "Appellants can conceivably maintain a claim of conspiracy against Sherman only, if his alleged conduct was other than as a lawyer for his clients."

7. The court was in error. The aforesaid motion for summary judgment was granted as to Count I conspiracy. The facts in the various paragraphs of Count I specifically allege the defendants including defendant Sherman conspired to acquire the business of plaintiff Premier Platform Tennis Inc., took confidential and proprietary information as to customers, collected accounts receivable, withdrew funds from the bank account of plaintiff DPI, took equipment and other assets without permission or consent of any authorized party.

8. The court was in error. The aforesaid motion for summary judgment was granted as to Count I conspiracy as the movants counsel for defendant Sherman advised the court, because there was a release of two co-defendants; Dodge and Anthony, there could not be a conspiracy of one, that is defendant Sherman alone.

9. The court was in error. The aforesaid motion for summary judgment was granted as to Count II conversion by agent. The facts in the various paragraphs of Count II specifically allege Dodge while still an officer and an employee of plaintiff PPT Inc. and DPI with the assistance of Anthony and Sherman formed defendant PPT LLC; further acting, in concert with misappropriated assets of the plaintiffs herein.

10. The court was in error. The aforesaid motion for summary judgment was granted as to Count III unfair competition. The facts in the various paragraphs of Count III specifically allege all of the defendants including defendant Sherman, conspired to acquire the business of the plaintiffs PPT Inc. and DPI took and used business and proprietary information of plaintiffs PPT Inc. and DPI, engaged in deceptive selling

practices using the name of plaintiff Premier Platform Tennis Inc., and used forms, cards and other material similar to that used by PPT Inc.

11. The court was in error. The aforesaid motion for summary judgment was granted as to Count IV defendant david dodge violation of fiduciary duties. The facts in the various paragraphs of Count IV specifically allege that from and after May 1, 2008, defendant David Dodge — in concert with the other named defendants (Anthony and Sherman) converted took and misappropriated assets of the plaintiffs herein.

12. The court was in error. The aforesaid motion for summary judgment was granted as to Count VI defendants tortious interference plaintiffs business relations. The facts in the various paragraphs of Count IV specifically allege that the engagement/employment of defendant Dodge by Plaintiffs was never terminated and that he, in concert with the other defendants, including defendant Sherman, willfully solicited customers and suppliers of plaintiffs for his and their own purposes.

13. The court was in error. The aforesaid motion for summary judgment was granted as to Count VII unjust reinrichment. The facts in the various paragraphs of Count VII specifically allege that defendant Dodge in concert with the other named defendants including defendant Sherman took and misappropriated assets of the plaintiffs.

14. The court was in error. The aforesaid motion for summary judgment was granted as to Count VIII. The facts in the various paragraphs of Count VIII specifically allege that the paragraphs 1 through 58

of the complaint were incorporated in Count VIII by reference and defendant Dodge, in concert with the other named defendants, including defendant Sherman took including [sic] and misappropriated assets of the plaintiffs.

15. The court was in error. The aforesaid motion for summary judgment was granted as to Count IX. The facts in the various paragraphs of Count IX specifically allege defendant Dodge in concert with the other named defendants including defendant Sherman took and misappropriated assets of the plaintiffs.

Appellants' statement of errors complained of pursuant to order the 28th day of July 2014 further provides that the trial court "was in error as to not giving full impact to the following issues of fact":

1. Defendant Jeffrey Sherman was President of PPT LLC for a period of almost three (3) years.

2. Defendant Jeffrey Sherman has not presented facts of proof that he is still not the President of PPT LLC.

3. Defendant Jeffrey Sherman was the responsible party in the docketing statement of the department of revenue.

4. Defendant Jeffrey Sherman has not presented facts of proof that he is still not the responsible party in the docketing statement of the department of revenue.

5. The release of defendants Dodge and Anthony has not been finalized by an agreement as required by the divorce court.

6. Such agreement prepared in accordance with the directions of the court is required to that [sic] provide

the case shall continue against defendant Jeffrey Sherman and defendant PPT LLC.

7. The discovery of defendant Jeffrey Sherman has not been completed.

8. Defendant Jeffrey Sherman [sic] refusal to produce electronic and hard copy records claiming all such records were "lost" subjects Jeffrey Sherman to all adverse inferences under the doctrine of spoliation.

9. Defendant Jeffrey Sherman cannot assert there can be no conspiracy, if defendants Dodge and Anthony are released, based on the concept that there can be no conspiracy of one, where defendant PPT LLC is not released and remains as one (1) of two (2) defendants, along with defendant Jeffrey Sherman.

10. Defendant PPT LLC was included in the notes of testimony attached to defendant's motion for summary judgment as being a party to the case going forward.

Appellants, Barbara Zamsky, Premier Platform Tennis, Inc. and Premier Platform Tennis, A Division of Dodge Premier, Inc., instituted suit against defendants David Dodge, Christine Anthony, Jeffrey Sherman and Premium Platform Tennis, LLC ("Premier LLC").[2] Barbara Zamsky and David Dodge were married on or about May 14, 1998 and separated in May of 2008.[3] During the marriage,

---

2. An order granting co-defendants, David Dodge and Christine Anthony's, motion for summary judgment was entered on June 30, 2014 but is not the subject of the instant appeal.

3. On March 21, 2013, in the Court of Common Pleas of Delaware County, Pennsylvania, 2009-003403, a settlement agreement addressing equitable distribution in the Zamsky/Dodge divorce proceeding was placed on the record. (Motion for summary judgment pursuant to Rule 1035 for dismissal of claims against defendants, David Dodge and Christine Anthony and Monetary Sanctions against, plaintiff Barbara Zamsky, ¶ 4.) The relevant portion of that transcript provided as follows:

Zamsky and Dodge formed Premier Platform Tennis, Inc. ("Premier Corporation"). Premier Corporation was in the business of building and maintaining platform tennis courts.[4] Zamsky was the sole owner of Premier Corporation; however, Dodge was primarily responsible for the business operations of Premier Corporation. Following the Zamsky/Dodge separation, Zamsky retained control of Premier Corporation.

Defendants Dodge and Anthony ultimately formed Premier Platform Tennis, Inc. ("Premier LLC."). Premier LLC, was also engaged in the business of building and maintaining platform tennis courts. Dodge and Anthony retained Sherman, an attorney, to form and register Premier LLC. In connection with the services provided by Sherman, Sherman's business address was listed in the formation papers of Premier LLC, for initial tax purposes. Appellants alleged Dodge and Anthony held themselves out as president and vice president of Premier LLC, respectively, and operated the business of Premier LLC.

Appellants' claims against Jeffrey Sherman, Esquire are based on the contention that Sherman, the attorney who was retained by Dodge and Anthony to form Premier LLC., acted in concert with Dodge and Anthony to

---

"Any issues regarding business debt that can be resolved through a civil suit against the business entity that took over the business from Mrs. Zamsky's prospective she will address those issues at that time. The case itself is just going to be going forward against Mr. Sherman and the business entity itself. She will be releasing through Mr. Charen's office . . . Mr. Dodge and Christine Anthony as defendants from that litigation." (Exhibit B, p.286, line 19 — p. 287, line 4, motion for summary judgment pursuant to Rule 1035 for dismissal of claims against defendants, David Dodge and Christine Anthony and Monetary Sanctions against, plaintiff Barbara Zamsky,)

4. Platform tennis is an outdoor court game played with paddles and a rubber ball on a raised and fenced wooden floor that is smaller than a tennis court. *The American Heritage Dictionary of the English Language* 1387 (3d ed. 1996).

convert assets of appellants including customer lists, trade secrets, sources of supply and confidential information from appellants. The following claims were asserted against Sherman: conspiracy (Count I), conversion by agent (Count II), unfair competition (Count III), violation of fiduciary duties (Count IV), tortious interference with business relations (Count VI), unjust enrichment (Count VII), accounting (Count VIII) and violation of uniform trade secrets act (count IX).

It was alleged that Sherman was the president and sole officer of Premier LLC. Attorney Sherman was, at one time, listed as president of Premier LLC, in the Pennsylvania Department of State, Corporations Bureau's records. The listing was erroneous and caused by a technical error and not by or through any conduct of Sherman. The erroneous listing was ultimately corrected. *See* Letter dated August 15, 2011 from Pennsylvania Department of State to Sherman, attached to defendant Sherman's motion for summary judgment as Exhibit "C". As such, the department of state records do not support the contention that Sherman was the president and sole officer of Premier LLC.

Premier LLC. was organized by M. Burr Keim Company as a straw organizer. The paperwork maintained by M. Burr Keim Company during the organization process identified Sherman as the attorney for Premier LLC. *See* Exhibit "E" to defendant Sherman's motion for summary judgment. The formation paperwork submitted by M. Burr Keim Company did not identify Sherman as the president. Rather it identified Sherman as the individual "responsible for initial tax reports." *See* Exhibit "E" to defendant Sherman's motion for summary judgment.

When the error in the department of state records was

discovered, M. Burr Keim Company further confirmed in a letter that Sherman was never identified as the President of Premier LLC. and the listing by the department of state was in error. *See* Exhibit "F" to defendant Sherman's motion for summary judgment. Additionally, Anthony and Dodge both executed affidavits affirming Sherman was never the president of Premier LLC. *See* Exhibits "G" and "H" to defendant Sherman's motion for summary judgment. Anthony and Dodge further affirmed that Sherman was not an officer of Premier LLC., had no ownership interest, was never paid as employee and only provided legal advice and assistance regarding the formation of Premier LLC. Anthony testified all payments to Sherman were for legal services. Finally, the dissolution paperwork for Premier LLC. was completed by Anthony and only identified Anthony as an officer. *See* Exhibit "Q" to defendant Sherman's motion for summary judgment.

On or about August 30, 2013, Jeffery Sherman filed a motion for summary judgment. Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment. *Hovis v. Sunoco, Inc.*, 64 A.3d 1078, 1081 (Pa. Super. 2013) (quoting *Cassel—Hess v. Hoffer*, 44 A.3d 80, 84-85 (Pa. Super. 2012)).

Even in the light most favorable to the nonmoving parties, the record revealed no genuine issues of material fact. As such, Sherman was entitled to judgment as a matter of law. The claims raised against Sherman must fail as they

originate from the erroneous contention that Sherman had a personal interest in Premier LLC. or as was acting in a way other than as counsel of record attempting to form a legal entity. Appellants asserted the following claims against Sherman: conspiracy (Count I), conversion by agent (Count II), unfair competition (Count III), violation of fiduciary duties (Count IV), unjust enrichment (Count VII), accounting (Count VIII) and violation of uniform trade secrets act (count IX).

The claims for conspiracy were based on the contention the defendants acted in concert to acquire the business of Premier Corporation including confidential information consisting of customer's names and addresses, customer lists, sources of supply and trade secrets and used the confidential and propriety material of Premier Corporation for their benefit. The alleged conduct by Sherman which purportedly formed the basis for this theory of relief are the legal services he provided to his clients, Dodge and Anthony, in the formation and registration of the Premier LLC. There is no issue of fact that Sherman benefited personally in any way from the formation and registration of Premier LLC. or participated in any way in the business of Premier LLC. The record before this court revealed that Anthony, at all times, was the sole member and held all interests in Premier LLC. The listing with the Pennsylvania Department of State, Corporations Bureau identifying Sherman as the president of Premier LLC. was a technical error caused by the Pennsylvania Department of State not by Sherman. It was ultimately corrected by the Pennsylvania Department of State. There is no basis for appellants' contention Sherman was the president of Premier LLC. or was acting other than as a lawyer.

Appellants also asserted claims against Sherman characterized as conversion by agent (Count II), unfair

competition (Count III), violation of fiduciary duties (Count IV), tortious interference with appellants' business relations (Count VI), unjust enrichment (Count VII), accounting (Count VIII) and violation of uniform trade secrets act (Count IX). These claims may best be described as torts which are contingent upon (1) the involvement of Sherman in the business operations of Premier LLC. and/or (2) a personal stake or interest by Sherman in Premier LLC. The record before this court revealed no such personal interest in Premier LLC and was devoid of any evidence Sherman was involved in the actual business of Premier LLC. Rather, it is apparent that Sherman simply provided legal services to Anthony and Dodge, specifically regarding the formation and registration of Premier LLC.

Appellants' claim for conversion by agent is based on the contention Dodge, as president or employee of Premier Corporation and Dodge Premier, beginning in May 2008, misappropriated assets including: confidential and proprietary information, equipment, assets and other funds. Conversion is the deprivation of another's right of property in, or use or possession of a chattel, without the owner's consent and without lawful justification. *Shonberger v. Oswell*, 530 A.2d 112, 114 (1987) (citing *Stevenson v. Economy Bank of Ambridge*, 197 A.2d 721, 726 (1964)). There is no support for allegations that Sherman participated in any alleged misappropriation of confidential or proprietary information or other assets of appellants.

Furthermore, there is a "ban on conspiracies in the attorney-client context" and no conspiracy can exist where an attorney's advice or advocacy is for the benefit of his client, rather than for the attorney's sole personal benefit. *Heffeman v. Bochetto & Lentz*, 189 F.3d 405, 413 (3d Cir., 1999). A lawyer is not liable to a plaintiff

if his. involvement was to advance the interests of the lawyer's client, *Thompson Coal Co. v. Pike Coal Co.*, 412 A 2d.466, 472 (Pa. 1979); *Smith v. Griffiths*, 476 A.2d 22, 27 (Pa. Super. 1984). There is no active participation in a conspiracy when a lawyer provides advice and assistance at the behest of his client, does not hold any stake in this client's activities greater than a professional interest and, therefore, does not personally profit from the alleged improper conduct of the client. *Aetna Electroplating Co., Inc. v. Jenkins*, 484 A.2d 134, 137 (Pa. Super. 1984) (allegations insufficient to substantiate claim for concerted tortious activity involving attorney and client where attorney acted in accordance with instructions of his client.) There is no basis for appellants' contention that Sherman was the president of Premier LLC. or was acting as anything other than as a lawyer. The record is clear that Sherman's involvement was restrained to the formation and registration of Premier LLC.

The claim for unfair competition is based on the contention Dodge and Anthony engaged in deceptive practices using trade secrets and confidential information of appellants to solicit customers and prospective customers. To establish a case of "unfair competition," it must be shown that another, by simulation of labels, imitation of packages, deceptive selling practices, the use of complainant's containers, misleading advertising, or other means has attempted to trade on complainant's business reputation. *Stroehmann Bros. Co. v. Manbeck Baking Co.*, 331 Pa. 96, 200 A. 97 (1938). Again, the record does not support the contention that Sherman engaged in deceptive selling practices or otherwise engaged in conduct to trade on Premier Corporation's business reputation, goodwill or to use Premier Corporation's trade secrets or confidential information in the solicitation of customers.

Appellant's claim that the grant of summary judgment on the violation of fiduciary duties claim was improper. In support thereof, appellants posit that "the facts in the various paragraphs of Count IV specifically allege that from and after May 1, 2008, defendant David Dodge — in concert with the other named defendants (Anthony and Sherman) converted took and misappropriated assets of the plaintiffs herein." The elements of agency are: "the manifestation by the principal that the agent shall act for him, the agent's acceptance of the undertaking and the understanding of the parties that the principal is to be in control of the undertaking." *Scott v. Purcell*, 490 Pa. 109, 117, 415 A.2d 56, 60 (1980), quoting Restatement (Second) of Agency § 1, Comment b (1958); *see also Reid v. Ruffin*, 503 Pa. 458, 463, 469 A.2d 1030, 1033 (1983). "Agency results only if there is an agreement for the creation of a fiduciary relationship with control by the beneficiary." *Smalich v. Westfall*, 440 Pa. 409, 413, 269 A.2d 476, 480 (1971). The burden of establishing an agency relationship rests with the party asserting the relationship. Scott, 490 Pa. at 117 n. 8, 415 A.2d at 61 n. 8. "An agency relationship is a fiduciary one, and the agent is subject to a duty of loyalty to act only for the principal's benefit." *Sutliff v. Sutliff*, 515 Pa. 393, 404, 528 A.2d 1318, 1323 (1987), citing Restatement (Second) of Agency §387 (1958). Thus, in all matters affecting the subject of the agency, the agent must act with the utmost good faith in furthering and advancing the principal's interests, including a duty to disclose to the principal all relevant information. *See Sylvester v. Beck*, 406 Pa. 607, 610-11, 178 A.2d 755, 757 (1962); *eToll, Inc. v. Elias/Savion Adver., Inc.*, 811 A.2d 10, 21 (Pa. Super. 2002). Appellants failed to prove a fiduciary relationship with Sherman. Sherman was hired by Anthony and Dodge to form and register Premier LLC.

The claim for tortious interference with business relations rests on the allegation that Dodge and Anthony solicited customers of Premier Corporation for the benefit of Premier LLC. and attempted to divert customers of Premier Corporation to Premier LLC. The elements of tortious interference with business relations are (1) a contractual or prospective contractual relation, (2) the purpose or intent to harm the existing or prospective relation, (3) the absence of privilege or justification on the part of the defendant, and (4) actual damage to plaintiff as a result of defendant's conduct. *Pawlowski v. Smorto*, 403 Pa. Super. 71, 78, 588 A.2d 36, 39 (1991). This claim fails as the only alleged conduct by Sherman that forms the basis this theory of recovery is formation and registration of Premier LLC. for his clients, Dodge and Anthony.

Appellants' claim for unjust enrichment is based on the contention that Dodge took, converted and misappropriated assets of appellants. An unjust enrichment claim is a quasi-contract theory of liability. *Salvino Steel & Iron Works v. Fletcher & Sons*, 580 A.2d 853, 856 (Pa. Super. 1990). A cause of action for unjust enrichment arises only if defendant was wrongfully enriched by receiving a benefit conferred by plaintiff. *Styer v. Hugo*, 619 A.2d 347, 350 (Pa. Super. 1993). A successful unjust enrichment claim depends on proof that defendant wrongfully secured or passively received a benefit that would be unconscionable for defendant to retain. *Salvino*, 580 A.2d at 856. There is no support for the contention Sherman received any benefit from appellants' business or was ever in possession of any of the confidential information or assets Appellants contended were misappropriated.

Similarly, the claim asserted by appellants for an accounting must fail as a matter of law because Sherman was not in possession of appellants' money or property.

An accounting is an equitable remedy, the right to which arises generally from the defendant's possession of money or property which, because of some particular relationship between himself and the plaintiff, the defendant is obligated to surrender. *Holland v. Hallahan*, 211 Pa. 223, 60 A. 735 (1905); *Shenango Furnace Co. v. Fairfield Tp.*, 229 Pa. 357, 78 A. 937, 943 (1911); *Crennell v. Fulton*, 241 Pa.572, 88 A. 783, 785 (1913). The record was devoid of any averments that Sherman possessed money or property belonging to appellants.

Finally, the claim for a violation of the Pennsylvania Uniform Trade Secrets Act, 12 Pa. C.S. Sections 5301, *et seq.* is based on alleged misappropriation of trade secrets from appellants by defendant Dodge. Appellants failed or were simply unable to identify what, if any, trade secret or secrets were allegedly misappropriated, or point to the alleged conduct by Sherman that constituted such a misappropriation. Appellants' claim for a violation of the Pennsylvania Uniform Trade Secrets Act, is based on alleged misappropriation of trade secrets from appellants by defendant Dodge. The Act defines a trade secret as follows:

Information, including a formula, drawing, pattern, compilation including a customer list, program, device, method, technique or process that: (1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use. (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

12 Pa. Cons. St. § 5302. A party misappropriates a trade secret when, *inter alia*, he or she "acquires knowledge

of another's trade secret in circumstances giving rise to a duty to maintain it confidentiality and then discloses or used that trade secret without the other's consent." *Bimbo Bakeries USA. Inc. v. Botticella*, 613 F.3d 102, 110 (3d Cir. 2010). The record lacks any support for the claim that Sherman acquired knowledge of Appellants' trade secrets under circumstances giving rise to a duty to maintain their confidentiality. Additionally, there were no allegations that Sherman used a trade secret of Appellants without Appellants' consent.

It is apparent that attorney Jeffrey Sherman simply provided legal services to Anthony and Dodge regarding the formation and registration of Premier LLC. The record before this court revealed that Sherman had no personal interest in Premier LLC. and that Sherman was never involved in the actual business enterprise of Premier LLC.

For the aforementioned reasons, the trial court respectfully requests that its decision be affirmed.